[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action was brought by the plaintiff, a builder, against the defendant general contractor — owner in connection with a written contract with additions thereto for labor and materials performed and supplied by the plaintiff to the defendant. The defendant herein, is not an inexperienced pro se litigant in the court and professes to have prior construction experience and defines herself herein as her own general contractor. The court has no reason to disagree with her description of her own position CT Page 3859 in this matter.
The defendant had previously suffered judgment against her as a result of her prior defaults herein and a hearing in damages. At the day she appeared for this court trial, she pressed a claim for a jury trial. The court denied her motion finding that, as per a previous condition attached to the reopening of the default judgment against her, it was acceded to by her that this would be heard as a court matter. In any event, she, further, filed her claim for a jury trial in an untimely fashion.
Further, a motion in limine was filed by the plaintiff against the defendant's use of Frank LoSasco as an expert in connection with this case. The defendant herein had failed to comply with the provisions of Practice Book Section 220(d) in connection with the disclosure to the plaintiff of not only the name of the expert, but the subject matter on which the expert was expected to testify, the substance of the facts and opinions to which the expert was expected to testify and a summary of the grounds for each opinion. Because of said default of compliance of said section, the court granted the plaintiff's motion in limine.
The written agreement between the parties, which the court finds to be a valid contract, was entered into between them in November 1985 and, as noted by its terms, provided for the plaintiff to perform labor only on the premises of the defendant, who was to provide all of the materials involved in the construction work on her home. The basic contract called for payments to the plaintiff in the total amount of $12,500.
As a result of subsequent oral agreements the court finds the plaintiff provided to the defendant materials in the total amount of $17,079.80. These materials involved dry-walls, cabinets, stairs, painting and staining materials, interior trim, and windows. In addition, the court finds that the plaintiff and the defendant entered into an oral amendment to their contract to provide for an additional approximate $8,900. for labor charges in connection with the installation of the extras ordered by the defendant.
The defendant filed and the plaintiff answered her request for admissions in connection with the establishing of cash payments made by the defendant to the plaintiff. In attributing the greater credibility to the plaintiff's testimony than to that of the defendant in connection with the disputed extras in this contract, the CT Page 3860 court does place some reliance on the fact that the payments claimed to have been made by the defendant admitted by the plaintiff in part corroborate his claim for $5,536.00 for windows; two payments of $4,500. and $4,400. which coincide with the oral agreement concerning extra labor, and several payments made pursuant to the specific terms of the original written contract. The defendant most hotly contested the claim in connection with an extra charge for the windows and presented some evidence in connection therewith, which was not persuasive to this court. In addition, the plaintiff did credit the defendant with a additional $2,000. cash payment over and above what the defendant claimed in her request for admissions.
The defendant pleaded amended special defenses in that she alleged that the plaintiff failed to perform his work in an workmanlike manner and failed to complete and correct his work; that it was overpaid for the work that he performed and caused damage and loss to the defendant by not performing the work in an workmanlike manner and by failing to correct and complete its work; and alleged further a special defense because of the statute of limitations. Each of the amended special defenses this court finds to be without merit.
The defendant also filed her second amended counterclaim in which she claimed that the plaintiff had not performed in an workmanlike manner and that the plaintiff had been overpaid. The court finds that the evidence fails to sustain these claims in the first count.
In the second count the defendant alleges that the plaintiff filed a groundless suit as per section52-568 (a)(1). From the evidence adduced during the trial the court finds that the claims made under the second count are without merit.
In the third count the defendant substantially pleads another count in vexatious suit and the court finds again that this count is without merit and she has failed to sustain her burden of proof in connection herewith as she had in the prior count.
The fourth count; alleges intentional infliction of emotional distress and the evidence fails to sustain the defendant's claims in connection with this count and accordingly on the amended counterclaim judgment is entered for the plaintiff thereon.
In accordance with the aforementioned findings CT Page 3861 and conclusions of the court, judgment is entered for the plaintiff to recover of the defendant the sum of $11,745.92 damages and $3,000. attorneys fees. Therefore, judgment is entered in favor of the plaintiff in the amount of $14,745.92 plus costs as may be taxed by the clerk.
It is so ordered.
HIGGINS, J.
Judgment Entered in Accordance with Foregoing Memorandum of Decision.
Michael Kokoszka, Chief Clerk